1  Eric Landau (State Bar No. 138849)
   elandau@jonesday.com
2  Travis Biffar (State Bar No. 217593)
   tbiffar@jonesday.com
3  JONES DAY
   3161 Michelson Drive, Suite 800
4  Irvine, CA  92612
   Telephone:   (949) 851-3939
5  Facsimile:    (949) 553-7539

6  John C. Tang (State Bar No. 212371)
   jctang@jonesday.com
7  JONES DAY
   555 California Street, 26th Floor
8  San Francisco, CA 94104
   Telephone:   (415) 626-3939
9  Facsimile:    (415) 875-5700

10 Attorneys for Defendants

11 [Additional counsel on signature page]

12

13                UNITED STATES DISTRICT COURT

14                CENTRAL DISTRICT OF CALIFORNIA

15

16 ROBERT MASTERS, Individually    Case No. 8:14-CV-00053-CJC-RNB
   And On Behalf Of All Others
17 Similarly Situated,             **STIPULATED PROTECTIVE
                                    ORDER RE
18              Plaintiff,          CONFIDENTIALITY**

19       v.                        Date Action Filed: January 14, 2014

20 AVANIR PHARMACEUTICALS,
   INC., KEITH A. KATKIN, CRAIG
21 A. WHEELER, CORINNE H.
   NEVINNY, DENNIS G.
22 PODLESAK, HANS E. BISHOP,
   DAVID J. MAZZO, and SCOTT
23 M. WHITCUP,

24              Defendants.

25

26

27

28

IRI-59383v1

# [PROPOSED] PROTECTIVE ORDER

In order to protect the confidentiality of confidential information obtained by the parties in connection with the above-captioned matter (the "Action"), the parties, by and through their undersigned counsel, hereby request that the Court enter this agreed-upon protective order (the "Protective Order") to govern the production of materials in this Action:

## I.   PREAMBLE

1.     In the course of this Action, the parties may propound discovery that seeks sensitive, proprietary, trade secret or otherwise confidential information (the "Confidential Information").

2.     A party's assent to this Protective Order shall not be deemed an admission that any discovery propounded is appropriate or that any other party's information is truly sensitive, proprietary, trade secret or otherwise confidential, but merely that such other party regards the information so designated as such.

3.     The parties hereto agree that Confidential Information obtained through the pretrial phase of this Action should be protected from unwarranted use or disclosure to third parties and shall be used solely for the purposes of the litigation of this Action.

4.     This Protective Order shall govern the handling of material designated "Confidential" or "Highly Confidential Information—Attorneys' Eyes Only" prior to trial, whether during discovery, settlement negotiations or otherwise.

## II.   "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL INFORMATION— ATTORNEYS' EYES ONLY" DESIGNATIONS

5.     Any party or non-party may in good faith designate as "Confidential" any document, discovery response, or portion thereof which contains or discloses any of the following:

(a)     Nonpublic inside information, private individual financial information, confidential and/or commercially sensitive information, personnel files

1   and other sensitive or proprietary information, including but not limited to, non-

2   public materials containing information related to: financial or business plans or

3   projections; acquisition offers or expressions of interest; proposed strategic

4   transactions or other business combinations, trade secrets as defined under California

5   Civil Code § 3426.1(d) and proprietary technical information; business and

6   marketing plans and strategies; studies or analyses by internal or outside experts;

7   financial or tax data; customer lists and information; competitive analyses; product

8   development and planning; financial results or data; personal financial information;

9   or commercially sensitive information; and

10          (b)     Information that the party or non-party is under a duty to

11   preserve as confidential under an agreement with or other obligation to another

12   person.

13          6.      Any party or non-party may in good faith designate as "Highly

14   Confidential Information—Attorneys' Eyes Only" any nonpublic document or

15   portion thereof which contains or discloses any sensitive Confidential Information

16   that any party to the litigation or any producing party contends contains trade secrets

17   as defined under California Civil Code § 3426.1(d), or business strategies or other

18   sensitive, proprietary, private or financial information, which, if disclosed to third

19   parties, would or could cause damage to a party's competitive position in the

20   market(s) in which the party operates.

21          7.      Any party or non-party may in good faith designate any nonpublic

22   document or portion thereof as Confidential Information ("Designating Party")

23   pursuant to this Protective Order by either of the following methods:

24          (a)     For information in documentary form, by affixing the legend

25   "Confidential" or "Highly Confidential Information—Attorneys' Eyes Only" (unless

26   specifically referred to otherwise, these designations are respectively  referred to

27   herein as "Confidential" or "Highly Confidential Information—Attorneys' Eyes

28

1   Only") on the first page and each page on which Confidential Information subject to

2   the provisions of this Protective Order appears in any multi-page document; or

3          (b)     The inadvertent production of Confidential Information in

4   documents, regardless of whether they have been expressly designated as such, shall

5   not waive any protection for such documents or information under this Protective

6   Order.  If a producing party or non-party fails to stamp certain documents upon their

7   production, any party may designate such documents as Confidential Information by

8   giving notice in writing to all parties, not later than ten (10) days after production of

9   the material that the material is to be designated as Confidential Information.  All

10  parties shall then stamp or otherwise affix the "Confidential" or "Highly

11  Confidential Information— Attorneys' Eyes Only" legend to the designated material

12  as described above.  If a party wants to designate as Confidential Information

13  material which has already been produced prior to the date of this Protective Order,

14  it shall do so by giving notice to all parties that the material is to be so designated by

15  stamping or otherwise affixing the "Confidential" or "Highly Confidential

16  Information— Attorneys' Eyes Only" legend.

17         8.     In the case of Confidential Information revealed during a deposition, if

18  counsel for any party or non-party designates testimony or any portion thereof,

19  including exhibits, as "Confidential" or "Highly Confidential Information—

20  Attorneys' Eyes Only" on the record, or otherwise, before the stenographer

21  transcribing such deposition has disseminated the transcript of the deposition, the

22  stenographer shall affix the legend "Confidential" or "Highly Confidential

23  Information— Attorneys' Eyes Only" to the cover page and all appropriate pages of

24  the transcript, and to each copy thereof.  After the conclusion of the deposition, any

25  party may designate a deposition transcript, or a portion thereof, including exhibits,

26  as "Confidential" or "Highly Confidential Information— Attorneys' Eyes Only" by

27  informing counsel for all parties to this Action in writing within ten (10) days after

28  receipt of the transcript, as to the specific pages deemed confidential, and thereafter

1  such pages shall constitute Confidential Information pursuant to this Protective

2  Order.  Upon receipt of such notice, any party in possession of copies of such

3  designated transcript shall affix the legend "Confidential" or "Highly Confidential

4  Information— Attorneys' Eyes Only" to the cover page and all appropriate pages of

5  the transcript, and to each copy thereof.

6  **III.   RESTRICTIONS ON USE OF CONFIDENTIAL INFORMATION**

7         9.      Unless otherwise ordered by the Court, or otherwise agreed by the

8  parties hereto, all documents, information and other material designated

9  "Confidential" or "Highly Confidential Information—Attorneys' Eyes Only" shall

10  be treated as Confidential Information under this Protective Order.

11         10.     All documents, material or information produced in this case that are

12  designated "Confidential" or "Highly Confidential Information—Attorneys'

13  Only" may be used only for purposes of this Action, including, without limitation,

14  discovery, motions, briefs, preparation for trial in this Action and on appeal, if any,

15  and for no other purpose ("the Permitted Purpose").

16         11.     Except as set forth herein, documents marked "Confidential," all

17  copies thereof, and any summaries, charts or notes made therefrom, and any

18  Confidential Information contained therein or derived therefrom, shall be disclosed

19  only to the Court (pursuant to the procedures set forth in paragraph 14 below) and/or

20  to:

21         (a)      parties to the Action and the employees, officers, agents and

22  directors of such parties who may review the information in connection with this

23  Action only to the extent necessary for the Permitted Purpose;

24         (b)      in-house attorneys of each party (including support staff) who

25  are responsible for or working directly in the prosecution or defense of this case only

26  to the extent necessary for the Permitted Purpose;

27

28

(c) outside attorneys for the parties hereto and their agents, including private investigators, employees, paralegals, or other secretarial and clerical employees or agents only to the extent necessary for the Permitted Purpose;

(d) experts and consultants retained by one or more of the parties to this Action or their counsel to assist in discovery and/or in preparation of this Action for trial only to the extent necessary for the Permitted Purpose;

(e) actual and anticipated deponents and their counsel only to the extent necessary for the Permitted Purpose;

(f) stenographic reporters who are involved in depositions, the trial or any hearings or proceedings before the Court in this Action; and

(g) any mediator in any mediation of this Action.

Documents containing "Confidential" information may be disclosed to persons listed in (d) and (e) of this paragraph only after such person has been shown a copy of this Stipulation and Protective Order, and has been advised of the terms and operation of this Protective Order, and agrees to be bound by the terms of this Protective Order by signing a Written Assurance attached hereto as Exhibit A; provided, however, that any party who designated the document "Confidential" may disclose such documents to any persons, with or without any conditions to such disclosure as it deems appropriate.

12.     Except as set forth herein, documents marked "Highly Confidential Information—Attorneys' Eyes Only," all copies thereof, and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court (pursuant to the procedures set forth in paragraph 14 below) and/or to:

(a) outside attorneys for the parties hereto and their agents, including private investigators, employees, paralegals, or other secretarial and clerical employees or agents only to the extent necessary for the Permitted Purpose;

1         (b)       experts and consultants retained by one or more of the parties to

2 this Action or their counsel to assist in discovery and/or in preparation of this Action

3 for trial only to the extent necessary for the Permitted Purpose, and provided that (i)

4 such experts and consultants have been certified by the party hiring them that they

5 do not work for and are not engaged by a competitor of Avanir or any of its

6 affiliates, and will not work for, or be engaged by, such a competitor for a period of

7 two (2) years following the receipt of information designated as "Highly

8 Confidential Information—Attorneys' Eyes Only"; or (ii) the party who has

9 designated the information as "Highly Confidential Information—Attorneys' Eyes

10 Only " agrees to share the information with the experts and consultants; or (iii) the

11 party who wishes to have its experts and consultants review information that has

12 been designated as "Highly Confidential Information—Attorneys' Eyes Only" seeks,

13 and obtains, Court approval under the court review procedures set forth in this

14 Protective Order.

15         (c)       actual and anticipated deponents that drafted, created, or

16 received or are employed by the company creating or producing said Confidential

17 Information and their counsel only to the extent necessary for the Permitted Purpose;

18         (d)       stenographic reporters who are involved in depositions, the trial

19 or any hearings or proceedings before the Court in this Action; and

20         (e)       any mediator in any mediation of this Action.

21      Documents containing "Highly Confidential Information—Attorneys' Eyes

22 Only" information may be disclosed to persons listed in (b) or (c) of this paragraph

23 only after such person has been shown a copy of this Stipulation and Protective

24 Order, and has been advised of the terms and operation of this Protective Order, and

25 agrees to be bound by the terms of this Protective Order by signing a Written

26 Assurance attached hereto as Exhibit A; provided, however, that any party who

27 designated the document "Highly Confidential Information—Attorneys' Eyes Only"

28

1  may disclose such documents to any persons, with or without any conditions to such

2  disclosure as it deems appropriate.

3  **IV.   OBJECTIONS TO CONFIDENTIAL INFORMATION**

4         13.     In the event that any party objects to the designation of any document,

5  testimony, information or material or portion thereof as "Confidential" and/or

6  "Highly Confidential Information— Attorneys' Eyes Only," the objecting party may

7  seek modification of the designation in accordance with the following procedure and

8  Local Rules 37-1 and 37-2.  The party's failure to object shall not constitute an

9  admission of any kind or for any purpose.  The party designating information as

10  "Confidential" and/or "Highly Confidential Information— Attorneys' Eyes Only"

11  has the burden of establishing that the information is confidential.

12         (a)     The objecting party may notify the Designating Party, in

13  writing, at any time of its contention that the designation as "Confidential" or

14  "Highly Confidential Information— Attorneys' Eyes Only" does not concur with the

15  standards set forth in this Protective Order.  The parties shall attempt to resolve such

16  disputes informally and in good faith pursuant to Local Rule 37-1.

17         (b)     In the event that such disputes are not resolved informally

18  counsel shall formulate a written stipulation, which shall be filed and served with the

19  notice of motion.  The Joint Stipulation shall be drafted in accordance with Local

20  Rule 37-2.1, and may be heard on the Court's regular Motion Day.  Failure to file a

21  Joint Stipulation or a declaration explaining this failure, as set forth in Local Rule

22  37-2.4, will result in the Court refusing to consider the discovery motion.  In the

23  event that any party files a motion challenging a confidentiality designation, the

24  document shall be submitted in its entirety to the Court for in camera inspection.  To

25  maintain the designation as "Confidential" or "Highly Confidential Information—

26  Attorneys' Eyes Only" and to prevail on a motion to the Court, the Designating

27  Party must show by a preponderance of the evidence that there is good cause for the

28  Confidential Information designation.  The discovering party shall be entitled to

1   submit a memorandum in opposition to the designating party's motion.  Pursuant to

2   this paragraph the Court shall make an independent determination as to whether or

3   not any given document is confidential based upon facts then existing.

4               (c)      Pending resolution of any motion filed pursuant to this

5   paragraph, all documents or discovery material designated as Confidential

6   Information shall be treated as such until the Court rules otherwise.

7   **V.    PROCEDURE FOR USING CONFIDENTIAL INFORMATION IN
8           COURT DOCUMENTS**

9         14.      In accordance with Local Rule 79-5.1, if any papers to be filed with

10  the Court contain information and/or documents that have been designated as

11  "Confidential" or "Highly Confidential Information-Attorneys' Eyes Only," the

12  proposed filing shall be accompanied by an application to file the papers or the

13  portion thereof containing the designated information or documents (if such portion

14  is segregable) under seal; and the application shall be directed to the judge to whom

15  the papers are directed.  For motions, the parties shall publicly file a redacted version

16  of the motion and supporting papers.

17  **VI.    SUBPOENAS SEEKING CONFIDENTIAL INFORMATION**

18        15.      If at any time any document or information protected by this Protective

19  Order is subpoenaed by any court, administrative or legislative body, or is requested

20  by any other person or entity purporting to have authority to require the production

21  of such information, the party to whom the subpoena or other request is directed

22  shall give prompt written notice thereof to the Designating Party.  Notice under this

23  provision shall include whether the party to whom the subpoena or other request is

24  directed has any documents responsive to the subpoena or request and the date on

25  which such production will occur. After receipt of the notice specified under this

26  paragraph, the Designating Party shall have the sole responsibility for obtaining any

27  Order it believes necessary to prevent disclosure of documents designated

28

1  confidential.  Nothing in this Order shall be construed as authorizing a party to

2  disobey a lawful subpoena issued in another action.

3  **VII.   RETURN OF MATERIAL**

4      16.    The termination of proceedings in this Action shall not relieve the

5  parties from the obligation of maintaining the confidentiality of all Confidential

6  Information produced and designated pursuant to this Protective Order, unless the

7  Court Orders or permits otherwise.  Upon the final disposition of this Action,

8  including the completion or running of time for any available appeals, the attorneys

9  for the parties shall have thirty (30) days to destroy or return to the Designating

10  Party any documents (and all copies thereof) which have been designated as

11  Confidential Information.  Parties are not required to return or destroy documents

12  which have been designated as Confidential Information that are (i) stored on

13  backup storage media in accordance with regular data backup procedures for disaster

14  recovery purposes; (ii) located in an email archive system or archived electronic files

15  of departed employees of the receiving party; or subject to legal hold obligations or

16  other legal or regulatory restrictions.  The Court will retain jurisdiction to modify

17  and/or enforce the terms of this Protective Order after the disposition of this Action.

18  **VIII.  SCOPE OF THIS PROTECTIVE ORDER**

19      17.    The parties agree that they will not use any material provided in this

20  Action for any purpose other than this Action.

21      18.    Notwithstanding anything to the contrary contained herein, all

22  objections as to the admissibility of evidence of the documents, material or

23  information subject to this Protective Order are reserved and are not waived by any

24  terms of this Protective Order.

25      19.    Any attorney for any party may furnish Confidential Information to

26  any attorney for a party without waiving the protected status of such Confidential

27  Information.

28

20.     Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any party or person: (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, material claimed to be protected work product or privileged under California or federal law, material as to which the producing party claims a legal obligation not to disclose, or material not required to be provided pursuant to California or federal law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

21.     Designation of material as "Confidential" and/or "Highly Confidential Information—Attorneys' Eyes Only" on the face of such material shall have no effect on the authenticity or admissibility of such material at trial.

22.     This Protective Order shall not preclude any person from waiving the applicability of this Protective Order with respect to any Confidential Information provided by that person, or using any Confidential Information provided by that person, or using any Confidential Information owned by that person in any manner that person deems appropriate.

23.     This Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any party or person with respect to Confidential Information designated by that party.

24.     The restrictions set out in the Protective Order shall not apply to any material which: (a) at the time it is provided is available to the public; or (b) after it is provided, becomes available to the public through no act, or failure to act, of the discovering party.

IRI-59383v1

- 10 -

## IX.   INADVERTENT PRODUCTION

25.     To the extent that any documents protected by the attorney-client privilege, work product privilege, or any other privilege, are inadvertently produced, each party agrees to return such inadvertently produced documents, and not to retain copies or other information derived from the inadvertently produced documents, within three (3) days of receiving a written request for such return from the party that inadvertently produced the privileged document.  If the receiving party disputes the privileged status of a document, the receiving party shall nonetheless destroy or return the document in accordance with this paragraph.  Compliance with this paragraph, however, shall not constitute an admission on the part of the receiving party that any document is in fact privileged, and the receiving party shall retain the right to challenge the privileged status of any document.

## IX.   EXPERT DISCOVERY

Any draft reports, notes, working papers, or other preparatory materials, in whatever form, prepared by any retained testifying expert witness shall not be subject to discovery.  Any communications between counsel and any retained testifying expert witness also shall not be subject to discovery, unless the communications:  (i) identify facts or data that counsel provided and that the expert considered in forming the opinions to be expressed; and/or (ii) identify assumptions that counsel provided and that the expert relied upon in forming the opinions to be expressed.

## XI.   GOOD CAUSE STATEMENT

26.     Rule 26(c) of the Federal Rules of Civil Procedure permits a court, for good cause, to issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G).  Good cause exists to issue a protective order where a party shows (a) that the information constitutes a trade secret or other confidential information contemplated by Rule 26(c), and (b)

1   that disclosing the information would be harmful to the party's interest in the

2   property.  *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 554-55

3   (C.D. Cal. 2007).  The Parties agree that good cause exists to protect their

4   "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5   ONLY" information in the manner set forth above.  Absent the protections afforded

6   under this Protective Order, the Parties would suffer serious competitive injury from

7   the disclosure of their sensitive and proprietary information.

8   **XII.   <u>SUBMISSION TO THE COURT</u>**

9        27.      The parties agree to submit this Protective Order to the Court for

10  adoption as an Order of the Court.

11        ///

12        ///

13        ///

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    28.    The parties reserve the right to seek, upon good cause, modification of

2  this Protective Order by the Court.  The Court may modify the terms of this

3  Protective Order upon a showing of good cause or for public policy reasons.  No

4  modification by the parties shall have the force or effect of a Court order unless the

5  Court approves the modification.

6

7  **IT IS SO STIPULATED.**

8  Dated:  January 25, 2014              **JONES DAY**

9                                        By:  /s/*Eric Landau*
10                                       Eric Landau

11                                       Counsel for Defendants

12  Dated:  January 25, 2014             **FARUQI & FARUQI, LLP**

13
                                         By: /s/*David E. Bower*
14                                       David E. Bower
                                         10866 Wilshire Blvd., Suite 1470
15                                       Los Angeles, CA 90067
                                         Telephone:  (424) 256-2884
16                                       Facsimile:   (424) 256-2885
                                         E-mail: dbower@faruqilaw.com
17
                                         Juan E. Monteverde
18                                       jmonteverde@faruqilaw.com
                                         369 Lexington Ave., Tenth Floor
19                                       New York, NY 10017
                                         Telephone:  (212) 983-9330
20                                       Facsimile:   (212) 983-9331

21                                       Counsel for Plaintiff

22

23  **IT IS SO ORDERED.**

24

25  Dated: January 29, 2014              _____
                                         HON. ROBERT N. BLOCK
26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

**WRITTEN ASSURANCE PURSUANT TO THE STIPULATED PROTECTIVE ORDER**

I, _____, have read the Protective Order in the above-captioned Action.  I understand and agree to comply with the terms of the Protective Order in all respects, and hereby submit and waive any objection to the jurisdiction of the Central District of California for purposes of resolving any dispute concerning or related to my compliance with the Stipulation and Order.

I understand that any violation of the terms of this Protective Order may be punishable by money damages, interim or final injunctive or other equitable relief, an imposition of sanctions, contempt of court, or other additional relief as deemed appropriate by the Court.

Dated: _____

Signature: _____

Please print or type the following:

Name: _____

Title and Affiliation: _____

Address: _____

_____

Telephone: _____

IRI-59383v1

- 1 -

Case No. 8:14-CV-00053-CJC-RNB
[PROPOSED] STIPULATED PROTECTIVE ORDER